Filed 10/24/14  P. v. Mendoza CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RICHARD MENDOZA,<br><br>    Defendant and Appellant. | B250506<br><br>(Los Angeles County<br>Super. Ct. No. VA123213) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Patrick T. Meyers, Judge.  Affirmed.

Murray A. Rosenberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Senior Assistant Attorney General, Margaret E. Maxwell, Supervising Deputy Attorney General, and Peggy Z. Huang, Deputy Attorney General, for Plaintiff and Respondent.

_____

Defendant Richard Mendoza appeals from the judgment entered following a jury trial in which he was convicted of first degree burglary. Defendant contends the trial court erred by denying his motion for self-representation made after the verdict on the charged offenses but before the bifurcated trial on prior offense enhancement allegations. We conclude the trial court did not abuse its discretion by denying the untimely motion.

## BACKGROUND

### 1. The burglary

Because defendant's sole appellate contention pertains to his motion for self-representation after the jury convicted him of burglary at the first phase of the bifurcated trial, we set forth only a cursory summary of the evidence presented at trial.

On the morning of January 12, 2012, defendant spoke to Maria Almaraz, asking which of two homes on the same lot she lived in. He then broke into the other home, where Maria Guerrero resided with her family, and took a black backpack, an Apple laptop computer, and some computer games and game consoles belonging to Guerrero's grandson. Almaraz saw defendant climb out the window of Guerrero's grandson's bedroom and shouted at him and to Guerrero, who confronted defendant and demanded he surrender what he had stolen. Defendant denied stealing anything and walked to a bus stop, where he changed shirts. When a police officer stopped across the street from the bus stop, defendant abandoned the black backpack and a second backpack and ran. Police officers chased defendant and caught him. Almaraz and Guerrero identified him. The missing computer, game consoles, and games were recovered from the black backpack.

### 2. Verdicts and sentencing

In bifurcated proceedings, the jury convicted defendant of a single count of first degree burglary and found a person other than an accomplice was present in the home. The court found defendant had suffered two prior serious or violent felony convictions within the scope of the "Three Strikes" law and Penal Code section 667, subdivision

(a)(1), and had served a prior prison term within the scope of Penal Code section 667.5, subdivision (b). The court sentenced defendant to 35 years to life in prison.

## DISCUSSION

Defendant contends the judgment must be reversed because the trial court denied his motion for self-representation, made just before commencement of the bifurcated court trial on prior offense enhancement allegations. We disagree. The motion was untimely, and the trial court properly exercised its discretion to deny it.

**1.      Proceedings in the trial court**

Defendant was initially represented by the public defender's office. About two months later, he requested a substitution of counsel, which was denied. Seven months later, he exercised his right to self-representation. About three months later, the court granted his request to reappoint counsel. Roughly three weeks later, defendant again asked for a substitution of counsel, which was denied. Defendant's trial began about two weeks later.

On the day the bifurcated court trial on prior offense enhancement allegations was scheduled to begin, defendant asked to represent himself once again for the purpose of filing a motion for a new trial based upon ineffective assistance of counsel. The court briefly reviewed defendant's history of switching between representation by counsel and self-representation, noted the case was still being tried, and stated it had not observed any ineffective representation by defense counsel. The court explained it was denying the motion as an exercise of discretion. After attempting to commence the bifurcated court trial, the court granted the prosecution's request to continue the trial because the prosecution's fingerprint examiner required better lighting to compare defendant's just-rolled fingerprints to other records.

About two weeks later, defendant personally filed a handwritten motion asking to represent himself for the purpose of filing a new trial motion.

When the bifurcated trial of the enhancement allegations resumed after one additional continuance, the trial court addressed defendant's motion. The court reviewed

3

at length defendant's history of representation by counsel, self-representation, and requests for substitution of counsel. The court asked defendant if he was ready to proceed with the court trial on enhancement allegations that day if the court allowed him to represent himself, and defendant said he was not. Defense counsel said she was ready to proceed on the bifurcated trial. Defendant did *not* tell the court he wanted counsel to continue to represent him through completion of the trial and commence self-representation thereafter. The court asked defendant about the prejudice he claimed he had suffered from counsel's purportedly ineffective assistance at trial. Defendant told the court an eyewitness identification expert had been appointed, but not called as a witness, and there were discrepancies in the testimony of the victim and witnesses.

On the record, the court reviewed and quoted pertinent portions of appellate decisions regarding untimely motions for self-representation. It stated, "[M]y assessment of the quality of [defense counsel's] representation was good. I think she—her cross-examination exploited and exhausted any avenue presented to her to question about. I think you do have prior proclivity to substitute counsel. I have some concerns about that." The court noted the case was still "mid trial," opined it had dragged on too long, and expressed concern that granting defendant's motion would cause "further disruption and delay." The court therefore denied the motion.

## 2.     The right to self-representation

A criminal defendant has a Sixth Amendment right to represent himself at trial (*Faretta v. California* (1975) 422 U.S. 806, 821 [95 S.Ct. 2525] (*Faretta*)), but he or she must unequivocally assert that right within a reasonable time prior to trial (*People v. Windham* (1977) 19 Cal.3d 121, 127–128 (*Windham*)). A request for self-representation after the jury has rendered a verdict on the primary offense is untimely, even though proceedings such as a bifurcated trial on prior conviction allegations remain to be held. (*People v. Givan* (1992) 4 Cal.App.4th 1107, 1115.) Such proceedings are merely a phase of the entire trial. (*Id*. at p. 1114.)

4

Untimely *Faretta* motions may be denied in the trial court's discretion. (*People v. Doolin* (2009) 45 Cal.4th 390, 453.) In assessing an untimely *Faretta* motion, the trial court should consider the quality of counsel's representation, the defendant's prior efforts to substitute counsel, the reasons for the request, the length and stage of the proceedings, and the disruption or delay reasonably likely to result from granting the motion. (*People v. Mayfield* (1997) 14 Cal.4th 668, 810; *Windham*, *supra*, 19 Cal.3d at p. 128.) The defendant has the burden of justifying the delay. (*People v. Valdez* (2004) 32 Cal.4th 73, 102.)

If the trial court abuses its discretion, the error is reviewed under the harmless error test of *People v. Watson* (1956) 46 Cal.2d 818, 836. (*People v. Rogers* (1995) 37 Cal.App.4th 1053, 1058.)

**3.      Denial of defendant's motion was not an abuse of discretion**

Defendant's motion was made in the midst of trial proceedings, and was thus untimely. The trial court had discretion to deny or grant it. A review of the record reveals the trial court both understood and thoughtfully considered all of the pertinent factors before exercising its discretion. We cannot conclude the court abused its discretion, especially in light of the stage of the proceedings and the additional delay that necessarily would have resulted from granting the motion; defendant's history of seeking substitutions of counsel and alternating between representation by counsel and self-representation; and the quality of counsel's representation and defendant's reason for requesting self-representation. The trial court was, of course, in the best position to assess the quality of defense counsel's representation. Our review of the trial transcripts supports the court's determination.

Defendant correctly notes his motion specified he sought self-representation for the purpose of preparing a new trial motion. He argues the trial court should have granted the motion prospectively, allowing counsel to continue to represent defendant in the trial on the enhancement allegations, then allowing defendant to represent himself for the purpose of filing a new trial motion. However, that is not what he asked of the trial court.

5

When the trial court asked defendant if he was prepared to represent himself at the trial of the enhancement allegations and proceed that day, defendant did not tell the court he wanted counsel to continue to represent him through completion of that trial, with self-representation to commence thereafter.

In any event, even if we were to conclude the trial court erred by failing to grant defendant's motion with respect to a new trial motion, we necessarily would conclude the error was harmless. Defendant's sole ground for a new trial motion was ineffective assistance of counsel. Our review of the record reveals no instances of ineffective assistance, and defendant has not pointed out any such instances on appeal. Accordingly, there is no reasonable probability defendant's motion for a new trial would have been granted.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


MILLER, J.*

We concur:


ROTHSCHILD, P. J.


CHANEY, J.

---

**\*** Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6